Ruffin, Chief Justice,
after stating the case as above, proceeded: - Whatever doubts may be raised upon some of the questions found in the record, the justice of the plaintiff’s case is so apparent that it is gratifying to find that there are other points on which the law is clearly in his favour, and which are decisive of the cause.
In the opinion of the Court, it is not competent to these defendants to dispute, in this action, the title of the lessors óf the plaintiff, upon any of the grounds taken at the trial by them. If that be so, all the other points may be dismissed from our consideration, without.decisiou or further observation. That the defendants are concluded, in the present suit, we entertain no doubt.
-Jacob Davis, was, originally, the sole defendant in the action. It is stated that he entered into the land under a lease from the lessors of the plaintiff, in 1826, and occupied expressly as their tenant, through the years 1826, 1827, 1828 and 1829. ' No disclaimer by him, at any time, is anywhere ■stated; nor any fact from which it could be inferred that his possession became adverse to the lessors of the plaintiff. It must, indeed, be assumed, that either the lessors of the plaintiff had refused to renew the lease, and given their tenant notice to quit, or that he denied their title, before their suit was brought; because something of the sort-was requisite to turn him into a trespasser, so as to sustain this action. The assumption is necessarily made from the omission of this defendant to resist the recovery for the cause that his term still continued. But the period at which the relation between' those parties was severed, cannot, without evidence, be carried further back than the end of the year preceding the suit. Let it be said that the payment of rent to Z. Nixon, in *304 1834, was the joint act of Jacob and Thomas Davis, and constituted both °f them, tenants to the person to whom they paid the rent: Yet, that would be only between those parties themselves, and could not prevent the lessors of the plaintiff demanding from Jacob Davis the possession he derived from them. It is not now a question, how far a very long possession, after payment of rent or other acknowledgments of tire tenancy, accompanied by a claim of title either for the tenant or some other person, may constitute evidence of a disclaimer, and give to such possession the character of adverseness, and call into action the statute of limitations. In this case, nothing of the kind exists. The interval between the payment of rent to Z. Nixon, and the commencement of. this suit, was but little more than two years, and would have amounted to nothing, had the lessors of the plaintiff known of such payment — of which there is no evidence.
The action, therefore, as brought, was nothing more than the common one by a landlord at the end of the term against an unfaithful tenant,-who holds over. Authorities need not to be cited to sustain his Honor’s position, that /¿e cannot deny his lessor’s title.
With quite as good, if not for the same, reason, must the other defendant Z. Nixon, be precluded from setting up such a defence. The action was not brought against him, nor intended to draw into question his title, or affect his rights..— Indeed, it could not be brought against him, because he was not in possession. The possession was in Jacob Davis, and the object of the suit was to recover it from him. If another be admitted to defend, what is he to defend. — what may he allege in defence? He is allowed to defend the possession of the tenant; for that .is the matter in contest. He is allowed to do so because he alleges an interest ir. that possession, and because he may be able to make fuller defence than the tenant would make. It is possible the tenant, through ignorance or negligence, would not make all he might of his case. Therefore, one, claiming to he his landlord, is permitted to set up any defence which the tenant might have . brought forward. But it is neither within the purposes of *305 justice, or the dictates of reason, to permit him to come in and set up a defence, which the tenant could not. This subsidiary party stands with or m the place of the tenant, and is entitled to his rights, and subject to his disadvantages.— Hence, we held in Carson v. Burnett, 1 Dev. & Bat. 560, that the landlord cannot be charged in this action for his own trespasses, but only in respect of the land in the possession of the tenant, the original defendant. So, on the other hand, it has been decided, that only such defence was open to the landlord as was open to the tenant in possession. The case of Doe ex dem, Knight v. Smythe, 4 Ma. & Selw. 347, so rules, and is directly in point with our case. There, one entered into possession under an agreement for a term oí years, paid rent, and then disclaimed. The term having expired, the lessor brought ejectment against the lessee, who did not appear; but another person claimed to defend as his landlord, and did appear and defend in his stead. The court held, that this person could not set up any title in himself in that action; for since the tenant could not dispute the plaintiff’s title, neither could one, claiming in privity to him and defending in his stead, do so.
Per Curiam. Judgment affirmed.